(No. 3930—)

CHARLES E. HOGAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1946.*

LITTLE, PERRINE AND CLAUSEN, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

DAMRON, J.

Claimant, Charles E. Hogan, has been employed by the respondent since October 12, 1925, at the State Training School for Girls at Geneva, as foreman of the heating plant. He was paid for this work $210.00 a month until July, 1944. From the last mentioned date he has been paid $241.50 per month.

On September 26, 1944 he went on duty at the School at 11:00 P. M. to fire the boiler and was to work until 7:00 A. M. In the room where this claimant worked coal was stored. Claimant testified there was about one hundred fifty tons or more, and on the outside of the building and adjacent thereto there were about five hundred tons, all on fire, which was emitting smoke and gases. This fire had been smoldering for more than two months prior to September, 1944.

Some time after midnight on September 26, 1944 the claimant collapsed at the institution. He was taken to his home by a fellow employee. A physician was called, who upon examination found him in a collapsed condition; his heart was not functioning properly. He was treated by this physician during that night. The next morning another physician was called to assist in treating claimant. A diagnosis of carbon monoxide poisoning was made by the two physicians.

One of the medical witnesses testified that he made an inspection of the place where claimant worked about two months prior to September, 1944, and found carbon

monoxide gas or fumes being emitted at the aforesaid coal piles. This inspection was made by him, he testified, for the reason that the claimant had an attack of gas poisoning at that time. He again made an inspection of the boiler room at the institution in September, 1944, following the collapse of claimant, and again detected the presence of gas fumes from the coal pile. He testified all doors and windows, with one exception, were closed at that time.

The testimony in support of this claim was taken on December 7, 1945. At that time the physician testified claimant was emaciated, weak, was unable to walk any appreciable distance, poor appetite, had lost weight, even though he had received five blood transfusions. Both medical witnesses agree that claimant since September 26, 1944 has been suffering from carbon monoxide poisoning and is totally and permanently disabled.

The Department Report filed in this case shows that respondent paid to claimant disability payments in the following amounts:

| | |
|---|---|
| September, 1944 | $ 28.00 |
| October, 1944 | 199.84 |
| November, 1944 | 157.50 |
| December, 1944 | 147.32 |
| January, 1945 | 105.00 |
| Total | $637.66 |

The report also shows that for the twelve months immediately preceding the disability claimant was paid $2,520.00; that the respondent paid the sum of $328.30 for medical and hospital services rendered to and on behalf of claimant; and that claimant at the time of the disablement was married, but had no children dependent on him for support.

From a consideration of the record we make the following findings:

That the claimant and respondent were on the 26th day of September, 1944 and prior thereto operating under the provisions of the Workmen's Compensation Act; that on the date last mentioned said claimant sustained accidental injuries which did arise out of and in the course of the employment; and that notice of said accident was given said respondent and claim for compensation on account thereof was made on said respondent within the time required under the provisions of said Act; that the earnings of the claimant during the year next preceding the injury were $2,520.00, and that the average weekly wage was $48.46; that claimant at the time of the injury was 65 years of age and had no children under 16 years of age; that necessary first aid, and all medical and hospital services have been provided by respondent herein.

We further find that as the result of such accident claimant has sustained a complete disability which renders him wholly and permanently incapable of work; that claimant is entitled to have and receive from the respondent the sum of $4,700.00 to be paid to him by the respondent at a compensation rate of $17.63 weekly for complete and permanent disability, and thereafter a pension during life annually, payable monthly.

We further find that the sum of $637.66 has been paid to claimant as aforesaid; that $1,181.21 representing 67 weeks at $17.63 has accrued to January 9, 1946, and that said sum less $637.66 heretofore paid to the claimant as aforesaid, to-wit, the sum of $543.55 is payable in a lump sum forthwith; and the balance of $3,-518.79 is payable in 199 weekly installments of $17.63 and one final installment of $10.42. After such final

installment is paid, claimant is entitled to an annual pension of $376.00, payable to him in monthly installments of $31.33 during the term of his natural life.

An award is therefore entered in favor of Charles E. Hogan, the claimant, for the total sum of $4,062.34 and a pension for life, payable as follows:

(a) The sum of $543.55 payable forthwith for compensation which has accrued from September 26, 1944 to January 9, 1946, the sum of $637.66 having heretofore been paid as temporary total disability compensation to claimant.

(b) The sum of $3,518.79 payable in 199 weekly installments at $17.63, commencing on January 16, 1946, and one final installment of $10.42; thereafter a pension as above indicated.

This Court hereby retains jurisdiction of this cause for the making of such other and further orders herein as may be in accordance with the provisions of the Workmen's Compensation Act.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees," and is payable, upon approval, from the appropriation from the General Revenue Fund in the manner provided in such act.